UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

    v.                                                                                    CR. No. 10-062-ML
                                                                                       CR. No. 10-135-ML

CHRISTOPHER BARRETT

ORDER

      Christopher Barrett ("Petitioner"), proceeding pro se, has filed a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255.

      Section 2255 provides for a one-year limitations period. 28 U.S.C. § 2255(f). The limitations period is measured from the latest of four dates – the applicable date in this instance is "the date on which the judgment of conviction becomes final[.]" Id. at 2255(f)(1). At the time Petitioner filed this motion, however, he was incarcerated.

      Under the "prison mailbox rule"

> [a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. <u>Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid</u>.

Rule 3(d), Rules Governing 2255 Proceedings (emphasis added); see also Morales-Rivera v. United States, 184 F.3d 109 (1st Cir. 1999) (per curiam). Petitioner has not provided a "declaration in compliance with 28 U.S.C. § 1746" or a "notarized statement" setting forth the date he deposited the motion in the prison mail system. See Rule 3(d), Rules Governing 2255

1

Proceedings.

If Petitioner wishes to continue pursuing this action, he shall, on or before September 16, 2013, file a declaration in compliance with 28 U.S.C. § 1746, or a notarized statement, setting forth the date he placed the petition in the institution's system designed for legal mail.  See Rule 3(d), Rules Governing 2255 Proceedings

Petitioner claims that his "[c]ounsel [r]endered [i]neffective [a]sssit ance [sic] of counsel for [f]ailing to file a direct appeal when requested to do so by Petitioner . . . ."  Motion to Vacate at 5; Docket # 30.

On or before September 16, 2013, Petitioner shall also file a statement, under oath, supporting his allegation that he requested that his counsel file an appeal.  The statement should detail (1) when he directed counsel to file an appeal; (2) where he was when he directed that counsel file the appeal; (3) the precise words he communicated to counsel, and (4) counsel's response, if any.  The statement should also include a description of any other discussions or communications with counsel concerning the appeal request.

The Government shall have until October 2, 2013, to file a response to Petitioner's supplemental filing, if it so chooses.


SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
August 14, 2013.