# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES

      v.                                                             CR. No. 10-062 ML
                                                    CR. No. 10-135 ML

CHRISTOPHER BARRETT

## MEMORANDUM AND ORDER

Christopher Barrett ("Barrett") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, Barrett's motion is denied.

## I. Background and Travel

On September 16, 2010, Barrett pled guilty to two bank robberies. The probation officer prepared a pre-sentence report ("PSR") and determined that Barrett had an offense level of 29 and a criminal history category of VI. The probation officer also concluded that Barrett was a career offender based upon two predicate offenses: a 2002 Rhode Island second degree robbery conviction and a 1996 New York drug trafficking conviction. As a result of his career offender status, Barrett's advisory sentencing guideline range was 151 to 188 months of incarceration.

After the Court granted Barrett multiple requests for continuances, Barrett appeared for sentencing in September 2011. Barrett did not lodge any objections to the PSR. In his sentencing memorandum he conceded that both the Rhode Island and New York convictions were qualifying predicate offenses for career offender status but argued that the age of the New York conviction and the amount of drugs involved in the offense should give the Court pause in

applying the career offender enhancement.   The Court sentenced Barrett to 151 months imprisonment, the low-end of the career offender advisory guideline range, to be served concurrently on each of the bank robbery charges.   Judgment entered on September 29, 2011. Barrett did not file an appeal.

## II.  The Claims

Barrett makes four discrete but related claims: (1) he does not qualify as a career offender because "there [were] no records of the predicate offense and/or Shepard approved documents" at sentencing;[1] (2) he is "actual[ly] innocent" of "his sentence as a career offender[;]" (3) trial counsel was ineffective for failure to raise the "[S]hepard approve[d] document claim at sentence [sic] and on a direct appeal[;]" and, (4) trial counsel was ineffective for "[f]ailing to file a direct appeal when requested to do so . . .  to raise[] the Shepard approved document issue . . . ." Motion to Vacate, Set Aside, or Correct Sentence at 5, 6; CR No. 10-062, Docket # 30; CR. No. 10-135, Docket # 20.

## III.  Timeliness

Barrett's motion was received by the Court on October 22, 2012.   The Government contends that the motion was filed out of time.

Section 2255 provides for a one-year limitations period.   28 U.S.C. § 2255(f).   The limitations period is measured from the latest of four dates – the applicable date in this instance is "the date on which the judgment of conviction becomes final[.]"  Id. at (1).   As noted, Barrett did not file an appeal.   "When a prisoner does not file a direct appeal, his conviction becomes final when the time for filing a notice of appeal expires."  United States v. Candelario, No. CR 09-66-1-S, 2013 WL 3340730, at *2 (D.R.I. July 2, 2013).   Judgment entered on September 29,

---

[1]Barrett appears to be referring to Shepard v. United States, 544 U.S. 13 (2005).

2011, therefore, Barrett's convictions became final on October 13, 2011. <u>See</u> Fed. R. App. P. 4(b)(1)(A)(i) (providing that a criminal defendant's notice of appeal must be filed within 14 days of the entry of judgment).  Thus, the limitations period expired on October 13, 2012.

Barrett was incarcerated when the limitations period expired.  An incarcerated individual may benefit from the prisoner mailbox rule.  <u>See</u> Rule 3(d), Rules Governing 2255 Proceedings (papers filed by an individual confined to a penal institution are timely filed if they are placed in the institution's internal mail system on or before the last day for filing).  Because it was not clear when Barrett placed his petition in the penal institution's mail system, this Court ordered Barrett to file a declaration in compliance with 28 U.S.C. § 1746, or a notarized statement, setting forth the date he placed the petition in the institution's mail system and setting forth information concerning his allegation that he directed his counsel to file a notice of appeal.  <u>See</u> CR No. 10-062, Docket # 32; CR. No. 10-135, Docket # 22.

Although Barrett filed a response to the Court's order, he did not provide a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement.  <u>See</u> CR No. 10-062, Docket # 33; CR. No. 10-135, Docket # 23.  In his unsworn response, Barrett advised the Court that he placed the motion in the prison mail system on October 9, 2012.  <u>Id.</u>  The motion papers, however, reflect that they were executed by Barrett on October 10, 2012, one day *after* he purportedly placed the motion in the prison mail system.[2]  <u>See</u> CR No. 10-062, Docket # 30 at 7; CR. No. 10-135, Docket # 20 at 7.  Therefore, Barrett's assertion concerning when he placed the motion into the prison mail system is not credible.  In this instance, however, because the motion was purportedly executed three days before it was due, the Court gives Barrett the benefit of the

---

[2]Barrett declared, under the penalties of perjury, that he executed the motion on October 10, 2012.

doubt and finds that the motion was placed in the prison mail system at some point on or before October 13, 2012.  Thus, the Court concludes that Barrett's motion was timely.

### IV. Standard of Review – Generally

Pursuant to Section 2255, a

> prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  Relief under section 2255 is available only if the Court finds a lack of jurisdiction, constitutional error, or a fundamental error of law.  See generally United States v. Addonizio, 442 U.S. 178, 185 (1979) ("an error of law does not provide a basis for a collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice") (internal quotation marks omitted). A fundamental error of law is a defect "which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure."  Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (internal quotation marks omitted).

### A.  Career Offender Status

Barrett argues that he does not qualify as a career offender and that he is actually innocent of his sentence as a career offender.  As noted, Barrett did not file an appeal.  A prisoner seeking relief under § 2255 is procedurally barred from raising issues not presented on direct appeal unless he demonstrates "cause [for excusing the default] and prejudice [from the underlying error] or, alternatively, that he is actually innocent."  Hughes v. United States, 241 F. Supp. 2d 148, 152 (D.R.I. 2003) (internal quotation marks omitted).  Barrett alleges that he

directed his attorney to appeal, however as outlined later in this decision, (see pages 8-10), the Court finds Barrett's allegation that he directed his attorney to appeal not credible.  Barrett has not shown cause why he did not file an appeal.

Barrett also fails to show prejudice.  Barrett argues that he does not qualify as a career offender because the Court was not presented with "Shepard approved documents" in support of "the predicate offense."  Motion to Vacate, Set Aside, or Correct Sentence at 5; CR No. 10-062, Docket # 30; CR. No. 10-135, Docket # 20.  In the motion to vacate, Barrett does not identify the predicate offense with which he takes issue, the "Shepard approved documents," or how the purported documents would show that the career offender enhancement was somehow improper.[3]  Furthermore, because Barrett conceded that both convictions were qualifying predicate offenses, and did not object to the probation officer's use of either the New York or Rhode Island conviction as a predicate offense at sentencing, he has left the Court "completely in the dark . . . about what the documents relating to [either] conviction . . . would reveal about whether he was convicted of an offense" that qualifies as a career offender predicate.  United States v. Serrano-Mercado, 784 F.3d 838, 846 (1st Cir. 2015) (petition for rehearing and rehearing en banc filed June 15, 2015).  As a result, the Court is "left to guess the unknown variable of the contents of the record of prior conviction."  Id. at 847 (internal quotation marks omitted).  Consequently, Barrett fails to show how he was prejudiced because Shepard documents were not produced at his sentencing.

Barrett also claims that he is actually innocent of "his sentence as a career offender." Motion to Vacate, Set Aside, or Correct Sentence at 5; CR No. 10-062, Docket # 30; CR. No. 10-135, Docket # 20.  The First Circuit has not yet decided whether the actual innocence

---

[3]Based upon the evidence elicited at the hearings on Barrett's failure to appeal claim, it appears that Barrett is challenging the New York conviction.

exception applies to a sentencing enhancement.  See generally United States v. Duval, 957 F. Supp 2d 100 (D. Mass. 2013).  The Court, however, need not address that question.  Barrett contends that he does not qualify as a career offender under the "standard approved by the Supreme Court precedents from 2005 to 2010."  Motion to Vacate, Set Aside, or Correct Sentence at 5; CR No. 10-062, Docket # 30; CR. No. 10-135, Docket # 20.  He does not, however, identify the "standard," the Supreme Court "precedents," nor how the standard or precedents would show that he is actually innocent.  "It is well established that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."  Nikijuluw v. Gonzalez, 427 F.3d 115, 120 n.3 (1st Cir. 2005) (internal quotation marks omitted).  Barrett has not developed his argument; his actual innocence claim is therefore waived.

Even assuming arguendo that Barrett could overcome the procedural default, his claims would nevertheless fail.  Barrett conceded that both convictions were qualifying predicate offenses for his career offender status.  He did not lodge any objections to the PSR.  "Where, as here, the characterization of an offense contained in a presentence report is not disputed before the sentencing court, the report itself is competent evidence of the fact stated and, thus, is sufficient proof of that fact."  United States v. Jimenez, 512 F.3d 1, 7 (1st Cir. 2007); see also United States v. Pelletier 469 F.3d 194, 202-03 (1st Cir. 2006) ("the defendant did not object to the recital of the . . . conviction in the [PSR] – and in the absence of any objection, a statement in a [PSR] is sufficient to prove the fact proposed").

### V.  Standard of Review –  Ineffective Assistance Claims

Under the Sixth Amendment, each defendant is guaranteed the right to effective assistance of counsel.  To prevail on a claim of ineffective assistance of counsel, a petitioner

must show: that (1) counsel's performance was deficient, *i.e.* counsel's performance fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense, *i.e.* a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668 (1984).

To satisfy the first prong under Strickland, "the defendant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment, and the court then determines whether, in the particular context, the identified conduct or inaction was outside the wide range of professionally competent assistance."  United States v. Manon, 608 F.3d 126, 131 (1st Cir. 2010) (internal quotation marks omitted). "Judicial scrutiny of the defense counsel's performance is highly deferential, and the defendant must overcome a strong presumption . . . that, under the circumstances, the challenged action might be considered sound trial strategy."  Bucci v. United States, 662 F.3d 18, 30 (1st Cir. 2011) (internal quotation marks omitted).

With regard to the second prong, to demonstrate prejudice, Barrett "must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  United States v. Rodriguez, 675 F.3d 48, 57 (1st Cir. 2012) (internal quotation marks omitted).  Although Barrett is not required to show "that counsel's deficient conduct more likely than not altered the outcome of his trial," he must show a "probability sufficient to undermine confidence in [that] outcome."  Id. (internal quotation marks omitted).  "A failure to show prejudice will suffice to defeat a particular claim, without reference to the level of counsel's performance."  Nguyen v. United States, 230 F. Supp. 2d 94, 96 (D. Me. 2002).  A district court can skip the first prong of the ineffective assistance analysis and decide

the case on the prejudice prong.  <u>Gonzalez-Soberal v. United States</u>, 244 F.3d 273 (1st Cir. 2001).

### A.  Failure to raise the <u>Shepard</u> Issue

Barrett argues that his counsel was ineffective for failing to raise a <u>Shepard</u> claim at sentencing and on appeal.  As noted earlier, however, Barrett has not identified the purported <u>Shepard</u> documents or what the purported documents would show.  He simply argues that <u>Shepard</u> documents were not produced at his sentencing.  Barrett has failed to show a reasonable probability that, but for counsel's alleged error in not raising the <u>Shepard</u> issue, the result of the proceeding would have been different.  <u>Rodriguez</u>, 657 F.3d at 57; <u>see</u> generally <u>United States v. Turbides-Leonardo</u>, 468 F.3d 34, 40 (1st Cir. 2006) ("[w]ith no articulation, let alone substantiation, of what the record of conviction might reveal, there is no way for [Barrett] to show a reasonable probability that he would be better off from a sentencing standpoint had the district court not committed the claimed <u>Shepard</u> error").

### B.  Failure to File an Appeal as Instructed

Barrett alleges that "[c]ounsel [r]endered [i]neffective [a]ssitance of counsel for [f]ailing to file a direct appeal when requested to do so by Petitioner to raise[] the Shepard approved document [i]ssue . . . . "  Motion to Vacate, Set Aside, or Correct Sentence at 6; CR No. 10-062, Docket # 30; CR. No. 10-135, Docket # 20.

A "lawyer who disregards specific instructions from [a] defendant to file a notice of appeal acts in a manner that is professionally unreasonable."  <u>Roe v. Flores-Oretega</u>, 528 U.S. 470, 477 (2000).  "[W]hen a defendant asserts that [he] instructed counsel to file a notice of appeal, [a]n evidentiary hearing is required to establish whether this is true."  <u>Martin v. United</u>

States, Nos. 1:07-cr-00017-JAW-1:10-cv-00461-JAW, 2012 WL 2061934, at *4 (D. Me. June 7, 2012) (internal quotation marks omitted).

The Court initially held two evidentiary hearings on Barrett's failure to file an appeal claim. At the second hearing, Barrett requested that the Court appoint him counsel; the Court denied his request. Subsequent to the second hearing, however, the Court discovered that Barrett indeed had a right to counsel and the Court appointed counsel. See Rules Governing Section 2255 Proceedings, Rule 8 (if an "evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies" as indigent); see also Bucci v. United States, 662 F.3d 18 (1st Cir. 2011). The Court requested that appointed counsel inform the Court how he wished to proceed once he had the opportunity to review the transcripts of the two prior evidentiary hearings and had spoken to Barrett. The Court reconvened the hearing on June 22, 2015. At the hearing, Barrett's counsel informed the Court that he had reviewed the transcripts of the prior hearings with Barrett and requested that the Court adopt the evidence elicited at those hearings.[4]

In his unsworn written statement Barrett initially claimed that he "called" his attorney, Kevin Fitzgerald ("Fitzgerald"), from the Adult Correctional Institute ("ACI") intake center in Cranston, Rhode Island, and "told him to file an appeal." CR No. 10-062, Docket # 33; CR. No. 10-135, Docket # 23. It appears that Barrett placed this call "two or three days" after his sentencing hearing. Id. When Barrett testified, however, he claimed that while at the ACI, "three to four days after" his sentencing hearing, he sent a *letter* to Fitzgerald instructing him to file a notice of appeal. January 21, 2014, Transcript at 5; CR No. 10-062, Docket # 42; CR. No. 10-135, Docket # 25. Other than the letter, Barrett testified that he did not communicate with Fitzgerald in any manner concerning his desire to file a notice of appeal. Barrett did not mention

---

[4]As a result, Barrett conceded that the error made by the Court in not appointing counsel was rectified.

the letter in his unsworn statement and he could not produce a copy of it at the hearing. Furthermore, Barrett failed to explain the inconsistencies in his unsworn statement and his testimony.  The Court finds that Barrett's claim that he instructed Fitzgerald to file an appeal is not credible.

Fitzgerald testified that Barrett did not instruct him to file an appeal in a letter, over the telephone, or "in any way."  February 6, 2014, Transcript at 5; CR No. 10-062, Docket # 38; CR. No. 10-135, Docket # 26.  Fitzgerald stated that he reviewed Barrett's file and did not locate any letter instructing him to file an appeal but he did find a letter from Barrett concerning, among other things, the 1996 New York conviction.  The Court finds Fitzgerald's testimony concerning whether he was instructed to file an appeal by Barrett to be credible, reasonable, and consistent with the record as a whole.

The Court concludes that Barrett did not instruct Fitzgerald to file an appeal.  The Court therefore finds that Barrett's claim that Fitzgerald was ineffective because he failed to file an appeal as instructed is without merit.

## VI.  The Motion to Amend

On June 29, 2015, Barrett filed a motion to amend his petition to add another claim of ineffective assistance of counsel.  In the motion to amend, Barrett seeks to add a claim that Fitzgerald failed to consult with him concerning an appeal.

Fed. R. Civ. P. 15 governs amendments to section 2255 petitions.  United States v. Ciampi, 419 F.3d 20 (1st Cir. 2005).  The motion to amend was filed more than one year after Barrett's conviction became final, thus the claim may not be asserted unless it relates back to the original claim.  See generally 28 U.S.C. § 2255(f) (providing for a one year limitations period for § 2255 petitions); Fed. R. Civ. P. 15(c).  An untimely habeas pleading amendment relates

back to the timely-filed original pleading if the claim asserted in the amended pleading "arose out of the <u>conduct</u>, <u>transaction</u>, or <u>occurrence</u> set forth or attempted to be set forth in the original pleading."  <u>Ciampi</u>, 419 F.3d at 23 (internal quotation marks omitted) (emphasis in original).  In the habeas context however, Fed. R. Civ. P. 15's relating back provision is strictly construed.  <u>Id.</u> "Accordingly, amended habeas corpus claims generally must arise from the same core facts, and not depend upon events which are separate both in time and type from the events upon which the original claims depended."  <u>Id.</u> at 24 (internal quotation marks omitted).

Although leave to amend should be freely given when justice so requires, a movant seeking the benefit of Rule 15's "liberality [must] exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment."  <u>Walton v. Nalco Chemical Co.</u>, 272 F.3d 13, 19 (1st Cir. 2001) (quoting <u>Quaker State Oil Refining Corp. v. Garity Oil Co. Inc.</u>, 884 F.2d 1510, 1517 (1st Cir. 1989).  In this instance, Barrett's "tardiness was extreme."  <u>Quaker State</u>, 884 F.2d at 1517.  The facts upon which the proposed amendment rests were known to Barrett when he filed the motion to vacate.  <u>See</u> <u>generally</u> <u>id.</u>  The motion to amend was filed after three evidentiary hearings and some 32 months *after* Barrett filed his motion to vacate and after the § 2255 limitations period had run.  A "most important" factor in the Court's analysis is the fact that Barrett has not "proffered a satisfactory explanation for [the] delay."  <u>Id.</u> at 1518; <u>see</u> <u>generally</u> <u>Hayes v. New England Millwork Distributors, Inc.</u>, 602 F.2d 15, 19-20 (1st Cir. 1979) (two-year delay sufficient to support denial of amendment where the movant did not carry the burden of explaining the delay).  Barrett's motion to amend is denied as a result of his extreme tardiness and his failure to explain the reason for his delay.  <u>See</u> <u>Walton</u>, 272 F.3d at 19 ("amendments may be foreclosed where movant's delay is 'extreme' or unexplained").

The motion to amend is also denied for all of the reasons set forth in the Government's objection to the motion to amend, summarized on pages 6 through 15 of the Government's memorandum.  <u>See</u>  CR No. 10-062, Docket # 49; CR. No. 10-135, Docket # 34.

## VII.  Conclusion

For all of the foregoing reasons, Barrett's motion to vacate, set aside, or correct his sentence is DENIED and DISMISSED**.**

### Ruling on Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings for the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability because Barrett has failed to make "a substantial showing of the denial of a constitutional right" as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Barrett is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter.  <u>See</u> Rules Governing § 2255 Cases, Rule 11(a).


SO ORDERED.


<u>/s/ Mary M. Lisi</u>
Mary M. Lisi
United States District Judge
August 18, 2015